UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDDIE JAMES MOULTRIE,

     Plaintiff,

v.                                                    Case No. 3:26cv3327-MW-HTC

GRIFFIN MOYLER, et al.,

     Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Eddie James Moultrie has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1), a motion for leave to exceed the page limitation for complaints (Doc. 2), and a motion to proceed *in forma pauperis* (Doc. 3). Upon consideration, Moultrie's complaint should be DISMISSED WITHOUT PREJUDICE because he is a three-striker under 28 U.S.C. § 1915(g) who has not paid the filing fee nor alleged he is in imminent danger of serious physical injury and because Moultrie has failed to truthfully disclose his litigation history.

I.     **DISCUSSION**

     A.     **Moultrie is a "three-striker."**

Pursuant to the "three strikes rule," a prisoner may not proceed *in forma pauperis* in a civil action when he has previously brought three or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious,

or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").  The only exception is if the prisoner alleges facts showing he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Moultrie is a three-striker.  He has brought at least three actions that have been dismissed for failure to state a claim.  *See* Doc. 1 at 20, 23[1]; *see also, Moultrie v. Carr et al.*, 3:25cv1912-LC/ZCB, Doc. 5 (recommending dismissal and noting Moultrie's three-striker status).  Despite his three-striker status, Moultrie did not pay the filing fee in this case and cannot proceed *in forma pauperis*.

Moreover, Moultrie has not shown he is under imminent danger of serious physical injury because his claims relate to an alleged April 2025 incident of

---

[1] As identified in the litigation history section of the complaint, the following cases were dismissed for failure to state a claim:  (1) *Moultrie v. Leon, et al.*, Case No. 2:25-cv-169 (M.D. Fla. Mar. 11, 2025); (2) *Moultrie v. Gielow*, Case No. 3:24-cv-389-LC/ZCB (N.D. Fla. May 1, 2025); and (3) *Moultrie v. Edwards*, Case No. 2:23-cv-416 (M.D. Fla. Aug. 8, 2024), *aff'd*, 2025 WL 2621830 (11th Cir. 2025).  Doc. 1 at 21 & 23.

excessive force. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."); *see Sutton v. Dist. Atty's Office*, 334 F. App'x 278, (11th Cir. 2009) ("general assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)).

> **B.      Moultrie failed to accurately disclose his litigation history.**

This Court's Local Rules require prisoners and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint. *See* N.D. Fla. Loc. R. 5.7(A). Section VIII.A of the form required Moultrie to list "any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." Doc. 1 at 20. The complaint form warns plaintiffs that "***failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" Doc. 1 at 19 (emphasis in original). Moreover, the complaint form advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified. *Id.*

Case No. 3:26cv3327-MW-HTC

Despite signing the complaint under "penalty of perjury, that all of the information … included on or with [the] form, including [his] litigation history, is true and correct," (Doc. 1 at 23 & 33), Moultrie did not truthfully disclose his litigation history under Section VIII.A of the complaint.  Namely, Moultrie failed to identify *at least* the following cases that were dismissed prior to service and thus should have been listed in this section:

> (1) *Moultrie v. Minshew, et al.*, 3:24cv617-MMH/PDB (M.D. Fla. Sept. 30, 2024); and
> (2) *Moultrie v. Carr et al.*, 3:25cv1912-LC/ZCB (M.D. Fla. Nov. 17, 2025)

Moultrie disclosed these cases in response to Section VIII.B and VIII.C,[2] but this does not excuse his failure to identify them in response to Section VIII.A.  The questions on the form serve several purposes, including assisting the Court: (1) in gauging a plaintiff's litigation experience; and (2) in identifying cases that qualify as strikes under 28 U.S.C. § 1915(g) and cases that are related or duplicative.  *See Jacobs v. Comerfield*, 2013 WL 6184052 at *4 (N.D. Fla. Nov. 25, 2013).  Thus, Moultrie's disclosure of these cases in response to Sections VIII.B and VIII.C but not Section VIII.A is insufficient, especially considering Moultrie never indicated they had been dismissed prior to service.  *See Jackson v. Fla. Dep't of Corr.*, 491 F.

---

[2] Section VIII.B asks the litigant to list "other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case."  *See* Doc. 1 at 21 (emphasis in original).  Section VIII.C. asks him to list "any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement."  *Id.* at 22.

App'x 129, 132 (11th Cir. 2012) (affirming dismissal without prejudice when plaintiff failed to truthfully disclose his litigation history by omitting one case and by failing to disclose another case even though it was cited elsewhere in the complaint form).

The Court has the inherent power to dismiss a complaint for failure to disclose even a single case. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025) (recognizing court's inherent authority to dismiss an action for failure to truthfully disclose litigation history when requested to do so on complaint form). It also has the inherent power to dismiss based on a failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process. *Id.* at 1308; *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

Thus, an appropriate sanction for Moultrie's failure to truthfully disclose his litigation history is to dismiss this case without prejudice. *See Bratton v. Sec'y Dep't of Corr.*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see*

*also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191/RH/HTC, Doc. 52 (N.D. Fla. June 7, 2020).

## II.   CONCLUSION

Because of Moultrie's three-striker status, he may not proceed *in forma pauperis* in this case. Further, Moultrie failed to truthfully disclose his litigation history.

Accordingly, it is RECOMMENDED that:

1.   Moultrie's complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE because he failed to truthfully disclose his litigation history and under 28 U.S.C. § 1915(g) because Moultrie is a three-striker, did not pay the filing fee when he commenced this case, and has not shown he faces imminent danger.

2.   The motion for leave to exceed the page limitation (Doc. 2) be terminated as MOOT.

3.   The motion to proceed *in forma pauperis* (Doc. 3) be DENIED.

4.   The clerk be directed to close the file.

Case No. 3:26cv3327-MW-HTC

At Pensacola, Florida, this 8th day of April, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:26cv3327-MW-HTC